TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
General Crimes Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-1785
     Facsimile: (213) 894-1042
     E-mail:    maxwell.coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>              v.<br><br>GENARO CORTES GONZALEZ,<br><br>              Defendant. | No. CR 2:20-00097-JAK-1<br><br>JOINT STATEMENT RE: DEFENDANT<br>GENARO CORTES GONZALEZ'S RULE 11<br>PLEA |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Maxwell Coll, and defendant GENARO CORTES GONZALEZ ("defendant"), by and through his counsel of record Carlos L. Juarez, hereby file this joint statement regarding defendant's Rule 11 plea.

                              GUILTY PLEA

     1.   Defendant is pleading guilty to counts one, two, and three of the indictment in United States v. Gonzalez, CR No. 2:20-00097-JAK-1, which charges defendant with conspiracy to distribute and possess with intent to distribute at least 500 grams of a mixture and

1  substance containing a detectable amount of methamphetamine, in
2  violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii), and at
3  least 50 kilograms of marijuana in violation of 21 U.S.C. §§ 846,
4  841(a)(1), (b)(1)(C) (count one); possession with intent to
5  distribute at least 500 grams of a mixture and substance containing a
6  detectable amount of methamphetamine, in violation of 21 U.S.C.
7  §§ 841(a)(1), (b)(1)(A)(viii) (count two); and possession with intent
8  to distribute at least 50 kilograms of marijuana, in violation of 21
9  U.S.C. §§ 846, 841(a)(1), (b)(1)(C) (count three).

10  <u>NATURE OF THE OFFENSE</u>

11      2.    For defendant to be guilty of the crime charged in count
12  one, that is, conspiracy to distribute and possess with intent to
13  distribute at least 500 grams of a mixture and substance containing a
14  detectable amount of methamphetamine, in violation of 21 U.S.C. §§
15  846, 841(a)(1), (b)(1)(A)(viii), and at least 50 kilograms of
16  marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C),
17  the following must be true: (1) beginning on a date unknown and
18  ending on or about February 6, 2020, there was an agreement between
19  two or more persons to distribute or possess with intent to
20  distribute methamphetamine and marijuana; and (2) defendant joined in
21  the agreement knowing of its purpose and intending to help accomplish
22  that purpose.

23      3.    For defendant to be guilty of the crime charged in count
24  two, that is, possession of methamphetamine with intent to distribute
25  in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii), which
26  is also one of the objects of the conspiracy, the following must be
27  true: First, defendant knowingly possessed methamphetamine; and

28

second, defendant possessed the methamphetamine with the intent to distribute it to another person.

4.   For defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant possessed with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine.

5.   For defendant to be guilty of the crime charged in count three, that is, possession of at least 50 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), the following must be true:  First, defendant knowingly possessed marijuana; and second, defendant possessed the marijuana with the intent to distribute it to another person.

6.   For defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant possessed with intent to distribute at least 50 kilograms of marijuana.

<u>PENALTIES</u>

7.   The statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii) is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   The statutory maximum sentence that the Court can impose for a violation 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C) is: 20 years imprisonment; a lifetime period of supervised release; a fine of $2,000,000 or twice the gross gain or gross loss resulting from the

offense, whichever is greatest; and a mandatory special assessment of $100.

9.   The statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.   The statutory maximum sentence that the Court can impose for a violation 21 U.S.C. §§ 841(a)(1), (b)(1)(C) is: 20 years imprisonment; a lifetime period of supervised release; a fine of $2,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

11.   Therefore, the total maximum sentence for the offense to which defendant is pleading guilty is: life imprisonment; a lifetime period of supervised release; a fine of $22,000,000 or twice the gross gain or gross loss resulting from the offense; and a mandatory special assessment of $300.

12.   Absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii), as charged in count one and two of the indictment, is: 10 years' imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $100.

13.  Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  If defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

14.  Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

15.  By pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.  Defendant is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  The conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

16.  If defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the

1    United States.   Defendant may also be denied United States
2    citizenship and admission to the United States in the future.
3    Defendant understands that while there may be arguments that
4    defendant can raise in immigration proceedings to avoid or delay
5    removal, removal is presumptively mandatory and a virtual certainty
6    in this case.   Defendant further understands that removal and
7    immigration consequences are the subject of a separate proceeding and
8    that no one, including his attorney or the Court, can predict to an
9    absolute certainty the effect of his convictions on his immigration
10   status.   Defendant nevertheless affirms that he wants to plead guilty
11   regardless of any immigration consequences that his plea may entail,
12   even if the consequence is automatic removal from the United States.
13                              FACTUAL BASIS
14       17.  If this case were to proceed to trial, the government would
15   be prepared to prove the following facts beyond a reasonable doubt:
16       Defendant, co-defendant Marco Polo Marquez ("co-defendant
17   Marquez"), co-defendant Roberto Carlos Adame Lopez ("co-defendant
18   Adame Lopez"), and others, beginning on an unknown date and
19   continuing until on or about February 6, 2020, in Los Angeles County,
20   within the Central District of California, and elsewhere, conspired
21   and agreed with each other, to possess with the intent to distribute
22   more than 500 grams, specifically, approximately 13.45 kilograms, of
23   a mixture and substance containing a detectable amount of
24   methamphetamine, a Schedule II controlled substance, and at least 50
25   kilograms, specifically, approximately 77.8 kilograms, of marijuana,
26   a Schedule I controlled substance.   At the time that he joined in the
27   agreement, defendant knew that the agreement had the unlawful purpose
28   of distributing and possessing with intent to distribute federally

controlled substances, and he joined in the agreement with the intent to further those unlawful purposes.

During the course of an in furtherance of the conspiracy, defendant was hired as a bus driver by co-defendant Marquez, who owned a charter bus company.  Defendant and co-defendant Marquez transported methamphetamine and marijuana from Mexico to the United States in the gasoline tank of a commercial bus.  Co-defendant Adame Lopez maintained an auto repair shop in South Gate, California, where federally controlled substances, including methamphetamine and marijuana, could be removed from the bus.

In furtherance of the conspiracy and to accomplish its objects, on or about February 6, 2020, defendant and co-defendant Marquez drove a T2140 commercial passenger bus with approximately 13.45 kilograms of a mixture and substance containing a detectable amount of methamphetamine and approximately 77.8 kilograms of marijuana hidden in the gasoline tank of the bus.  At the time he drove the bus, defendant knew the bus contained federally controlled substances and he intended to distribute them to other persons.

Defendant initially drove the bus containing methamphetamine and marijuana to the San Ysidro port where United States Customs and Border Protection ("CBP") Officers conducted a preliminary inspection at the post primary bus staging area.  After CBP Officers received an alert to a trained odor from a Narcotics/Human Detection Dog, they directed defendant and co-defendant Marquez to a secondary inspection point.

After the secondary inspection, co-defendant Marquez drove the bus containing methamphetamine and marijuana through the border and defendant crossed the border on foot.  Once both defendant and co-

defendant Marquez had crossed the border, the two met in the United States where defendant returned to the bus.  Defendant and co-defendant Marquez then proceeded to drive towards Los Angeles County.

Co-defendant Marquez drove the bus to the Los Angeles area. When they reached the Los Angeles area, defendant began driving the bus and stopped the bus on the street near co-defendant Adame Lopez's auto repair shop.  Co-defendant Marquez left the bus with the methamphetamine and marijuana in the gasoline tank.  Defendant then drove the bus to co-defendant Adame Lopez's auto repair shop. Defendant parked the bus at co-defendant Adame Lopez's auto repair shop knowing and intending that co-defendant Adame Lopez or others, would remove the federally controlled substances from the bus for the purpose of further distributing the federally controlled substances. Defendant jointly possessed with intent to distribute the federally controlled substances in furtherance of the conspiracy, along with co-defendant Marquez and co-defendant Adame Lopez.

After parking the bus, defendant walked across the street to a restaurant.  Law enforcement officers found defendant at the restaurant across the street from the auto repair shop.

<u>SENTENCING FACTORS</u>

18.  In determining defendant's sentence, the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  The Sentencing Guidelines are advisory only.  Defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range.  After considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will

be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

19. Defendant and United States Attorney's Office for the Central District of California ("the USAO") have made no agreement as to the applicable Sentencing Guidelines factors, or the applicable specific offense characteristics, adjustments, and departures under the Sentencing Guidelines or defendant's criminal history category.

## WAIVER OF CONSTITUTIONAL RIGHTS

20. By pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that

9

1   choice not be used against defendant.

2          h.    Any and all rights to pursue any affirmative defenses,

3   Fourth Amendment or Fifth Amendment claims, and other pretrial

4   motions that have been filed or could be filed.

5    Dated: October 27, 2021              Respectfully submitted,

6                                         TRACY L. WILKISON
                                          Acting United States Attorney
7
                                          SCOTT M. GARRINGER
8                                         Assistant United States Attorney
                                          Chief, Criminal Division
9

10

11                                        _____/s/ Maxwell Coll_____
                                          MAXWELL COLL
12                                        Assistant United States Attorney

13                                        Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA
14

15

16
                                          _____
17                                        CARLOS L. JUAREZ

18                                        Attorney for Defendant
                                          GENARO CORTES GONZALEZ
19

20

21

22

23

24

25

26

27

28